# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| KAREN BIRD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY, a political subdivision of the State of Utah; and KELLY DAVIS, in his official and individual capacities,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:12-cv-903-PMW<br><br><br><br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Karen Bird's ("Plaintiff") motion for leave to amend her complaint.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 11.

[2] *See* docket no. 23.

## ANALYSIS

Plaintiff's motion is brought under rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

The court has determined that only the factors of undue delay and prejudice are applicable in this case. The court turns to addressing those factors.

### I. Undue Delay

With respect to undue delay, the Tenth Circuit has instructed courts to "focus[] primarily on the reasons for the delay." *Minter*, 451 F.3d at 1206. The Tenth Circuit has "held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* (quotations and citations omitted). Further, "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

In addition to showing that there was no undue delay, when

> an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, most circuits require that the parties show good cause as required under Rule 16(b) [of the Federal Rules of Civil Procedure]. The Tenth Circuit "has not ruled on [this] question in the context of an amendment to an existing pleading."

*DeMarco v. LaPay*, No. 2:09-cv-190 TS, 2011 U.S. Dist. LEXIS 124911, at *4 (D. Utah Oct. 27, 2011) (quoting *Bylin*, 568 F.3d at 1231 n.9) (second alteration in original) (footnotes omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "However, it has noted the rough similarity between the good cause standard of Rule 16(b) and [the Tenth Circuit's] undue delay analysis under Rule 15 and that appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule." *DeMarco*, 2011 U.S. Dist. LEXIS 124911, at *4-5 (alteration in original) (quotations, citations, and footnotes omitted). "When applied, the good cause standard requires the . . . party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id*. at *5 (quotations and citation omitted). Given the rough similarity between the rule 16(b) good cause standard and the undue delay analysis under rule 15, the court will consider them together. Specifically, the court will focus on whether Plaintiff has provided an adequate explanation for the delay in bringing her motion.

The deadline for bringing motions to amend pleadings in this case was September 30, 2013.[3] Plaintiff's motion was not filed until April 24, 2014, nearly seven months after that

---

[3] *See* docket no. 18.

3

deadline and one day before expiration of the fact discovery deadline.[4] In her motion, Plaintiff asserts that she is not seeking to add new claims or new parties. Instead, Plaintiff contends that she is merely seeking to clarify some of her claims, including dismissing a substantive due process claim against Kelly Davis ("Davis") contained in her original complaint. However, as noted by West Valley City and Davis (collectively, "Defendants") in their response to Plaintiff's motion, Plaintiff's proposed amended complaint actually seeks to assert a new substantive and procedural due process claim against West Valley City. In her reply memorandum, Plaintiff contends that, until she conducted some discovery and more legal research, she did not determine that her due process claim against Davis was not viable or that she had an allegedly viable due process claim against West Valley City.

As an initial matter, the court notes that, with respect to dismissal of Plaintiff's due process claim against Davis, there is no need for Plaintiff to amend her complaint to accomplish that goal. She can simply file a motion to voluntarily dismiss that claim.

Turning to whether there was undue delay, the court concludes that Plaintiff has failed to provide an adequate explanation for the delay in bringing her motion to amend her complaint. The court is not persuaded by Plaintiff's argument that she did not determine that she had a viable due process claim against West Valley City until after she conducted discovery and more legal research. In the court's view, all of the facts supporting Plaintiff's proposed due process claim against West Valley City were available to her at the time her original complaint was filed. *See Gates Learjet Corp.*, 823 F.2d at 387 (providing that "courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some

---

[4] *See* docket no. 22.

4

time prior to the filing of the motion to amend"). Plaintiff has failed to provide a sufficient explanation for why she did not include that claim in her original complaint or seek leave to include that claim before the deadline for filing motions to amend pleadings. As for the other clarifications that Plaintiff seeks to make to her claims, Plaintiff has failed to offer any explanation why they were not included in her original complaint or why she did not seek to make those clarifications by way of a timely motion to amend her complaint.

## II. Prejudice

"The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207.

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.

*Id*. at 1208 (quotations and citation omitted).

For the following two reasons, the court concludes that Defendants will be unduly prejudiced if Plaintiff is provided with leave to amend to amend her complaint at this late date. First, the fact discovery deadline has expired. The court concludes that allowing Plaintiff to assert a new claim against West Valley City after the close of discovery would be clearly prejudicial to Defendants because they would not have an opportunity to conduct discovery on that claim. While the court could reopen discovery for that purpose, it is unwilling to do so at this late stage of the case.

Second, as noted by Defendants, they have made strategic decisions and conducted discovery based on the claims alleged in Plaintiff's original complaint. Indeed, Defendants have

5

invested significant time and resources in preparing a timely motion for summary judgment on the claims in Plaintiff's original complaint. That motion has been filed and is in the process of being briefed. Allowing Plaintiff to assert a new claim against West Valley City at this stage of the case would result in a waste of the time and resources Defendants have invested in preparing that motion.

## **CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion for leave to amend her complaint[5] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 16th day of July, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 23.