IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN BIRD, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY, a political subdivision of the State of Utah, and KELLY DAVIS, in his official and individual capacities,<br><br>    Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF COSTS AWARD (ECF NO. 196)**<br><br>Civil No. 2:12-cv-00903<br><br>Magistrate Judge Evelyn J. Furse |

    Before the Court is Plaintiff Karen Bird's Motion to Stay Enforcement of Costs Award (ECF No. 196). Ms. Bird asks the Court to stay the $4,352.86 award of costs pending Ms. Bird's appeal. (Id.) Defendants West Valley City and Kelly Davis oppose the Motion, arguing that a stay of the cost award is without the posting of a bond is inappropriate, but that Ms. Bird can stay enforcement of the award by posting a bond pursuant to Fed. R. Civ. P. 62(b). (ECF No. 204.) In reply, Ms. Bird asks the Court to either stay the case as initially requested, or alternatively, "stay the collection of costs by bond pending appeal, pursuant to Rule 62(b)." (ECF No. 206).

    The Court DENIES Ms. Bird's request to stay the award of costs pending her appeal to the Tenth Circuit without the posting of a bond. The fact that Ms. Bird is appealing her case does not entitle her to a stay of the cost award. See Friends of Thayne, LLC v. Tuhaye Homeowners Ass'n, No. 2:14-CV-00901, 2018 WL 3370649, at *1 (D. Utah July 10, 2018) (unpublished) (" 'An appeal by the loser does not eliminate

1

the winner's entitlement to immediate payment, although it does create the opportunity to obtain a stay by posting a supersedeas bond.'" (quoting BASF Corp. v. Old World Trading Co., 979 F.2d 615, 616 (7th Cir. 1992))). Further, Ms. Bird has not provided any reason why the Court should depart from the usual procedure of requiring a bond to stay an award of costs pending appeal.

However, the Court GRANTS Ms. Bird's request to stay enforcement of the cost award if she posts a bond pursuant to Rule 62(b). Federal Rule of Procedure 62(b) provides the appropriate mechanism for staying enforcement of a costs award during the pendency of an appeal:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). Accordingly, to obtain a stay of the cost award, Ms. Bird must post a bond in the amount of $4,352.86. Pursuant to Fed. R. Civ. P. 62(b) and this Order, enforcement of the costs award is stayed immediately. However, the stay will be automatically dissolved if Ms. Bird does not post a supersedeas bond in the amount of $4,352.86 within fourteen (14) days of the date of this Order. The stay will remain in effect—provided the bond is posted—until the appeals process has concluded.

DATED this 22nd day of July, 2019.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge